# 22-2656

IN THE

# United States Court of Appeals for the Second Circuit

UNITED STATES OF AMERICA,
STATE OF NEW YORK

*Plaintiffs,*

*ex rel.* CLIFFORD WEINER,

*Plaintiff / Relator-Appellant,*

— v. —

SIEMENS AG, SIEMENS INDUSTRY,
SIEMENS SCHLESINGER ELECTRIC, LLC,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of New York
Case No. 1:12-cv-01466 (ALC)

## BRIEF FOR APPELLANT CLIFFORD WEINER

Agatha M. Cole
Adam Pollock
POLLOCK COHEN LLP
111 Broadway, 18th Floor
New York, NY 10006
(646) 290-8261

*Counsel for the Appellant,*
*Clifford Weiner*

## **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT ........................................................1

ISSUES PRESENTED FOR REVIEW.....................................................2

STATEMENT OF THE CASE ...............................................................3

    A.  Nature of the Case .................................................................3

    B.  Relevant Facts and Procedural History....................................5

        1.  Relator files *qui tam* action under seal
           (Feb. 28, 2012) ...............................................................5

        2.  Government's notice of election to decline
           intervention; subsequent extensions of the seal
           (Nov. 16, 2012 - Aug. 26, 2019) .........................................6

        3.  Relator notifies court of intent to proceed on the
           federal claims; Siemens moves to dismiss
           (Sept. 17, 2020 - Dec. 22, 2020) .........................................8

    C.  Decisions Below .....................................................................9

SUMMARY OF THE ARGUMENT ......................................................12

STANDARD OF REVIEW...................................................................13

ARGUMENT...................................................................................15

    I.  THE COMPLAINT IN A *QUI TAM* ACTION CANNOT BE SERVED
      ON DEFENDANTS IN THE ABSENCE OF A COURT ORDER.........15

      A.  The False Claims Act prohibits service on defendants
         "until the court so orders," 31 U.S.C. § 3730(b)(2). .................17

      B.  The Federal Rules of Civil Procedure require service "with–
         in 90 days after the complaint is filed," Fed. R. Civ. P. 4(m)...........18

      C.  This conflict is easily resolved; the 90-day time limit can
         only be applied *after* the court has ordered service .................19

II.  THE DISTRICT COURT'S DISMISSAL OF THIS ACTION
     FOR LACK-OF-SERVICE WAS PLAINLY ERRONEOUS
     SINCE RELATOR WAS NEVER ORDERED OR AUTHORIZED
     TO SERVE DEFENDANTS .......................................................21

III. RELATOR HAD AMPLE "GOOD CAUSE" TO WARRANT
     A DISCRETIONARY EXTENSION OF ANY APPLICABLE
     DEADLINE FOR EFFECTUATING SERVICE ..........................22

CONCLUSION .........................................................................25

# TABLE OF AUTHORITIES

## Cases

*City of New York v. Siemens Elec., LLC.,*
107 N.Y.S.3d 827 (N.Y. Sup. Ct. 2019) .................................................. 8

*Datskow v. Teledyne, Inc., Contl. Products Div.,*
899 F.2d 1298 (2d Cir. 1990) ............................................................ 23

*Fisher v. Aetna Life Ins. Co.,*
32 F.4th 124 (2d Cir. 2022) ............................................................. 13

*Gerena v. Korb,*
617 F.3d 197 (2d Cir. 2010) ............................................................. 13

*Hamilton v. Atlas Turner, Inc.,*
197 F.3d 58 (2d Cir. 1999) .............................................................. 23

*In re 310 Assocs.,*
346 F.3d 31 (2d Cir. 2003) .............................................................. 15

*In Re: Vitamin C Antitrust Litig.,*
8 F.4th 136 (2d Cir. 2021) .............................................................. 13

*Rockwell Int'l Corp. v. United States,*
549 U.S. 457 (2007) ..................................................................... 15

*State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby,*
580 U.S. 26, 34 (2016) .................................................................. 16

*Thrasher v. City of Amarillo,*
709 F.3d 509 (5th Cir. 2013) ....................................................... 14, 24

*U.S. ex rel. Brumfield v. Narco Freedom, Inc.,*
2018 WL 5817379 (S.D.N.Y. Nov. 6, 2018) ............................................ 23

*U.S. ex rel. Drake v. Norden Sys., Inc.,*
375 F.3d 248 (2d Cir. 2004) ....................................................... 14, 24

*U.S. ex rel. Eisenstein v. City of New York,*
540 F.3d 94 (2d Cir. 2008) .............................................................. 15

*U.S. ex rel. Law v. Spurlock,*
582 F. Supp. 2d 1350 (N.D. Ala. 2008) ................................................20

*U.S. ex rel. Mailly v. Healthsouth Holdings, Inc.,*
2010 WL 149830 (D.N.J. Jan. 15, 2010) .............................................20

*U.S. ex rel. Mallavarapu v. Acadiana Cardiology, LLC,*
2010 WL 3896425 (W.D. La. Aug. 16, 2010).......................................20

*U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.,*
608 F.3d 871 (D.C. Cir. 2010)..............................................................17

*U.S. ex rel. Moore v. Cardinal Fin. Co., L.P.,*
2017 WL 1165952 (D. Md. Mar. 28, 2017)..........................................20

*U.S. ex rel. Weiner v. Siemens AG,* 2021
WL 3544718 (S.D.N.Y. Aug. 10, 2021)........................................ passim

*U.S. ex rel. Weiner v. Siemens AG,*
2022 WL 4467051 (S.D.N.Y. Sept. 26, 2022) .............................. passim

*U.S. ex rel. Woods v. SouthernCare, Inc.,*
2013 WL 1339375 (S.D. Miss. Mar. 30, 2013) ..............................18, 21

*U.S. v. Epskamp,* 832 F.3d 154, 160 (2d Cir. 2016)................................13

*Zapata v. City of New York,*
502 F.3d 192 (2d Cir. 2007)..................................................................14

## Statutes

Fed. R. Civ. P. 4....................................................................... passim
Fed. R Civ. P. 12......................................................................................4
Fed. R. Civ. P. 60........................................................................10, 15, 24
False Claims Act, 31 U.S.C. §§ 3729 et seq. ................................. passim
New York False Claims Act, N.Y. State Fin. Law § 187 et seq. ..........3, 6

## Treatises

Claire M. Sylvia, FALSE CLAIMS ACT: FRAUD AGAINST THE
GOVERNMENT § 11:26 (2022)..............................................................19

## JURISDICTIONAL STATEMENT

The district court below had federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the action was brought under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b). The complaint was dismissed, without prejudice, for "insufficient process" pursuant to Fed. R. Civ. P. 4(m), which was the functional equivalent of a dismissal with prejudice due to the applicable statute of limitations. *See U.S. ex rel. Weiner v. Siemens AG*, 2021 WL 3544718 (S.D.N.Y. Aug. 10, 2021) (Dkt. No. 85); Judgment of Dismissal (Aug. 11, 2022) (Dkt. No. 86) [App'x 124-137].

A motion for relief from the judgment was filed on September 9, 2021 (Dkt. No. 88) [App'x 138], and then denied, on September 26, 2022. *See U.S. ex rel. Weiner v. Siemens AG*, 2022 WL 4467051 (S.D.N.Y. Sept. 26, 2022) (Dkt. No. 91) [App'x 140-143]. A timely notice of appeal from the judgment of dismissal was filed on October 6, 2022 (Dkt. No. 93) [App'x 144]. Accordingly, this Court now has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

1. Whether the time for effectuating service of an action brought under the *qui tam* provisions of the False Claims Act can begin to run at any point before the court enters an order authorizing service, where the plain text of that statute expressly provides that "[t]he complaint… shall not be served on the defendant until the court so orders," 31 U.S.C. § 3730 (b)(2)?

2. Whether Fed. R. Civ. P. 4(m), which allows for the dismissal of an action if the defendant has not been "served within 90 days after the complaint is filed," applies in the context of a *qui tam* action, where the district court has yet to enter an order authorizing service pursuant to 31 U.S.C. § 3730 (b)(2)?

3. Whether the denial of plaintiff-relator's request for a discretionary extension of the time for effectuating service is an abuse of discretion, where the district court never authorized service as required by 31 U.S.C. § 3730 (b)(2), when such decision would function as a *de facto* dismissal with prejudice for failure to prosecute by operation of the applicable statute of limitations?

## STATEMENT OF THE CASE

### A.    Nature of the Case

This case arises from the fraudulent procurement of over $234 million in government contracts by Defendants Siemens AG, Siemens Industry Inc. / Siemens Corporation, and/or Siemens-Schlesinger Electric, LLC (collectively, "Siemens" or "Appellees") in connection with several publicly funded construction projects at water treatment facilities located throughout New York City (hereinafter "the City" and or "NYC").

Plaintiff-Relator Clifford Weiner (hereinafter "Relator" or "Appellant") is the whistleblower who exposed that fraud, by and through the filing this action under the *qui tam* provisions of the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and its state-law analogue, N.Y. State Fin. Law § 187 *et seq.*

Based on the allegations set forth in Relator's complaint, the City and State of New York launched an investigation that eventually led to a $1.5 million civil settlement agreement that disposed of the state-law claims at issue in this case. In addition, Siemens-Schlesinger entered into a deferred prosecution agreement with the Manhattan District Attorney admitting to the conduct, paid a $10 million fine, and agreed that they

could not contest the underlying criminal scheme in any legal forum. Further, the investigation led to the successful criminal prosecution of the most culpable individuals involved.

This appeal concerns the remaining federal claims, which Relator was authorized to prosecute on behalf of the United States after the government declined to intervene in the case—but which the district court (J. Carter, Andrew L.) dismissed pursuant to Fed. R Civ. P. 12(5) for a purported failure effectuate service-of-process within the time limits prescribed by Fed. R Civ. P. 4(m).

As is relevant here, the FCA expressly prohibits plaintiff-relators from effectuating service-of-process on defendants, unless or until the court so orders. *See* 31 U.S.C. § 3730(b)(2) ("The complaint shall be filed in camera … and shall not be served on the defendant until the court so orders."). That framework stands in stark contrast to the default rules governing service-of-process in nearly all other civil actions, wherein plaintiffs must serve defendants "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).

This Court has yet to consider the inherent conflict between certain provisions of the Federal Rules of Civil Procedure and the False Claims Act, but it is not writing on a blank slate either. As explained herein, nearly every other court that has grappled with this issue has recognized that the unique procedural requirements applicable to *qui tam* actions under 31 U.S.C. § 3730 necessarily displace certain aspects of Fed. R. Civ. P. 4.

## B.  Relevant Facts and Procedural History

### 1.  Relator files *qui tam* action under seal (Feb. 28, 2012)

The original *qui tam* complaint in this action (Dkt. 36) was filed on February 28, 2012, and essentially exposed the mechanics of a sophisticated conspiracy by Siemens to fraudulently procure hundreds of millions in public funds through government contracts awarded by the NYC Department of Environmental Protection ("DEP") and financed, in large part, with federal funds from the U.S. Environmental Protection Agency ("EPA") [App'x 1-33].

Since the contracts at issue were financed by a combination of federal, state, and city funds, the complaint alleged violations of both the

federal False Claims Act, 31 U.S.C. § 3729 *et seq.* and the New York False Claims Act, N.Y. State Fin. Law § 187 *et seq.*

As in all other *qui tam* actions, the complaint was initially filed under seal and served only on the putative government plaintiffs named therein [App'x 33].

### 2. Government's notice of election to decline intervention; subsequent extensions of the seal (Nov. 16, 2012 - Aug. 26, 2019)

The United States filed its notice of election to decline intervention several months later, on November 16, 2012 (Dkt. 44) [App'x 40], thereby authorizing Relator to prosecute the federal claims on the government's behalf, pursuant to 31 U.S.C. § 3730(c)(3).

If this *qui tam* action had only involved federal claims, then Relator would have moved to lift the seal and serve the complaint shortly thereafter. But since the City and State's investigation of the state-law claims was still active, Relator provided his consent to multiple additional requests for extensions of the seal from 2012 through 2015 [App'x 42-72].

Although Siemens takes issue with not having received formal service of the complaint, the record clearly indicates that Siemens was

apprised of this action, with the district court's permission, at some point in or around the <u>fall of 2014</u>. *See, e.g.*, Order (Dkt. 54) (Oct. 2, 2014) (granting State's request for permission to disclose sealed complaint and existence of action to Siemens defendants) [App'x 52-53]; Order (Dkt. 55) (Jan. 14, 2015) ("[t]he seal … shall remain [in place] … except to the extent the Court has partially lifted the seal to permit certain disclosures.") [App'x 54-55]. This critical fact (*i.e.,* that Siemens had notice of all claims in this action as of 2014) is undisputed.

In or around late 2015, the City opted to pursue the state-law claims in a parallel state court action before the New York Supreme Court and requested Relator's consent to dismiss the state-law claims from the district court action. Relator provided his consent, as requested, and the State's application to dismiss the state-law claims was granted shortly thereafter. *See* Order (Dkt 61) (Dec. 11, 2015) (dismissing state-law claims and extending seal until further order of the court) [App'x 73].

Due to the ongoing parallel state-court proceedings, the district court maintained the seal on this action for several more years, until the New York Supreme Court approved the settlement disposing of the state-

law claims in August of 2019. *See City of New York v. Siemens Elec., LLC.*, 107 N.Y.S.3d 827 (N.Y. Sup. Ct. 2019).

The district court's order removing this action from under seal was subsequently entered on August 26, 2019. *See* Order lifting seal (Dkt. 35) (Aug. 26, 2019) [App'x 78]. Notably, that order did not call for the issuance of summonses or direct Relator to formally serve the complaint.

### 3. Relator notifies court of intent to proceed on the federal claims; Siemens moves to dismiss (Sept. 17, 2020 - Dec. 22, 2020)

On September 17, 2020, Relator informed the court that he had retained substitute counsel to prosecute the non-intervened federal claims and conveyed his intent to amend the original complaint. *See* Joint Status Report (Dkt. 64) (Sept. 17, 2020) [App'x 82-83]; *see also* Letter to J. Carter (Oct. 2, 2020) (Dkt. 70) [App'x 89-91]. Although Relator should not have had to request leave for permission to amend the complaint at this juncture, his attempt to do so was thwarted by Siemens' contemporaneous request for leave to file a motion to dismiss, which was granted at the subsequent status conference. *See* Transcript of Proceedings (Oct. 14, 2020) (Dkt. 83) at 3-4 [App'x 106-107]. The motion to dismiss was fully briefed as of December 22, 2020, but the district court

never scheduled oral argument—opting instead to dismiss the action on the papers without ever having considered the merits of the case.

## C.    Decisions Below

On August 10, 2021, the district court entered a written decision and order dismissing the complaint for "insufficient service" pursuant to Fed. R. Civ. P. 4(m), which generally provides that courts "must dismiss" an action "[i]f … [the] defendant is not served within 90 days after the complaint is filed." *See U.S. ex rel. Weiner v. Siemens AG*, No. 1:12-CV-01466-ALC, 2021 WL 3544718, at *2 (S.D.N.Y. Aug. 10, 2021) (Dkt. No. 85) [App'x 127-137].

Noting the irreconcilable nature of that provision with the FCA's statutory directive "that plaintiff-relators ought to wait 'until the court so orders'" pursuant to 31 U.S.C. § 3730 (b)(2) in *qui tam* actions, *id.* at *3 [App'x 128], the district court at least acknowledged that there was some "ambiguity surrounding when the service period would run absent a court order authorizing service," *id.* at *4 [App'x 131] and proceeded to "consider" whether Relator had demonstrated "good cause" for the purported delay such that an "extension" would be warranted—but "conclude[d]… that he ha[d]… not." *id.* at *5 [App'x 131-132].

In doing so, however, it appears that the district court was confused about the date on which the complaint had actually been unsealed, citing "June 26, *2018*" (emphasis added) instead of the <u>August 26, 2019</u> date on which the order lifting the seal had, in fact, been entered. *See id.* at *5-6 [App'x 132-133] (characterizing Relator's September 17, 2020 request to amend and serve the complaint as "severely delayed," based on the plainly mistaken understanding that the seal had been lifted 2 years earlier on June 26, *2018*); *id.* at *6 [App'x 133] ("Because Relator's request … came 23 months after the service period would have lapsed and he provides no explanation why he failed to exercise diligence earlier, the Court concludes that [he] has not met the heavy burden for a good cause showing.").

In an effort to have the district court correct its own errors before filing this appeal, a motion for relief from the judgment was filed pursuant to Fed. R. Civ. P. 60(b), on September 9, 2021 (Dkt. No. 88) [App'x 138]. As explained in that motion, the district court's dismissal of the action for lack-of-service was mistaken, both as a matter of law and fact, and should have been corrected accordingly.

The motion remained pending before the district court for over a year but was ultimately denied, without argument, on September 26, 2022. *See U.S. ex rel. Weiner v. Siemens AG*, No. 1:12-CV-01466-ALC, 2022 WL 4467051 (S.D.N.Y. Sept. 26, 2022) (Dkt. No. 91) [App'x 140-143].

In that decision, the district court correctly observed that the docket had, in fact, been unsealed since August 26, *2019,* thereby acknowledging, at least implicitly—albeit, without admitting the error underpinning its prior order—that any purported default for failing to effectuate service within 90 days could only have started accruing as of November 24, 2019, if Fed. R. Civ. P. 4(m) had any application in the context of a *qui tam* action where the district court hasn't yet authorized or ordered service pursuant 31 U.S.C. § 3730 (b)(2). In that scenario, Relator's request for leave to amend the original complaint on September 17, 2020, could only be characterized as having occurred 9 months later *at worst,* and not "23 months after the service period [had]…lapsed" as posited in the district court's original decision and order.

In any event, the district court's failure to engage in that analysis is beside the point, since the justification provided for its dismissal was "based on" the purported "lack of good cause" for Relator's not having

effectuated service at any point after the seal had been lifted and the court's rationale that he "could have been sought clarification" from the court "about the deadlines for service," 2022 WL 4467051, at *1.

## SUMMARY OF THE ARGUMENT

1. The plain text of the False Claims Act expressly provides that "[t]he complaint… shall not be served on the defendant until the court so orders," 31 U.S.C. § 3730 (b)(2). Accordingly, the time for effectuating service of a *qui tam* action necessarily begins when the court so orders. Since the district court had neither ordered nor otherwise authorized Relator to effectuate service, the dismissal of the action for insufficient service was plainly erroneous.

2. The False Claims Act does not state that a *qui tam* complaint can, should, or must be served within the 90-day "time limit" for effectuating service under Fed. R. Civ. P. 4(m) once the seal has been lifted. The district court's attempt to construe a workable rule was understandable, given the "lack of clarity" on when a *qui tam* complaint should be served. But it resulted in the erroneous dismissal of a meritorious action in direct contravention of the plain language, purpose, and spirit of the law. This Court now has an opportunity to provide the

requisite clarity and should do so in a manner that is consistent with fundamental principles of statutory interpretation.

3. Setting aside all other issues and arguments presented in this appeal, this Court should vacate the judgment of dismissal, reinstate the action, and remand the case in the interest of justice. Even assuming *arguendo* that the dismissal was proper, the case-specific analysis would mandate a different result because the decision functioned as a *de facto* dismissal with prejudice for failure to prosecute by operation of the applicable statute of limitations.

## STANDARD OF REVIEW

This appeal principally concerns matters of statutory interpretation, which are subject to *de novo* review. *See, e.g.*, *In Re: Vitamin C Antitrust Litig.*, 8 F.4th 136, 142 (2d Cir. 2021) ("we review relevant questions of statutory interpretation *de novo*"); *Fisher v. Aetna Life Ins. Co.*, 32 F.4th 124, 135 (2d Cir. 2022); *U.S. v. Epskamp*, 832 F.3d 154, 160 (2d Cir. 2016). Although this Court typically applies a more lenient standard of review when assessing the propriety of a district court's dismissal for lack-of-service, *see Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010), the *de novo* standard applies here because the district

court's reasoning was premised upon a flawed interpretation of the False Claims Act, 31 U.S.C. § 3730(b)(2).

Moreover, where the dismissal of an action is, in effect, "with prejudice" by reason of the applicable limitations period, courts typically apply the most exacting level of scrutiny. *See, e.g.*, *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (noting that the dismissal of an action with prejudice is "one of the harshest sanctions at a trial court's disposal, since it … extinguishes the … cause of action and denies plaintiff his day in court," and that it should be "reserved for use only in the most extreme circumstances."); *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (explaining that courts should carefully "weigh[] the impact" of the dismissal and determine whether there is "good cause" for an extension where the effect of a "dismissal without prejudice in combination with the statute of limitations would result in a dismissal with prejudice"); *see also, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("If 'the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice'").

Finally, to the extent that the district court failed to "correct" its own mistakes of fact and law in passing upon the Relator's motion for relief from the judgment, Fed. R. Civ. P. 60(b)(1), the denial of that motion should be evaluated under the abuse of discretion standard. *See In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003) (failing to "correct" an "obvious factual mistake" in response to a party's Rule 60(b)(1) motion is "an abuse of discretion").

## **ARGUMENT**

### I. **THE COMPLAINT IN A *QUI TAM* ACTION CANNOT BE SERVED ON DEFENDANTS IN THE ABSENCE OF A COURT ORDER**

The federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, authorizes private individuals to bring *qui tam* actions ("in the Government's name") for the purpose of recovering public funds that have been fraudulently obtained from the United States, 31 U.S.C. § 3730(b)(1). *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 463 (2007); *see also U.S. ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008).

Whistleblower actions brought by private citizens (*i.e.*, relators) must initially be filed under seal to allow for a reasonable investigative

- 15 -

period before the allegations are made public. 31 U.S.C. § 3730(b)(2). Unlike ordinary civil actions, they are *not* served on the defendant; instead, the sealed complaint in a *qui tam* action is served only on the government. *Id.* ("The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."). *See generally State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 580 U.S. 26, 34 (2016).

The initial seal period is routinely extended, often for years, while the government pursues its investigation. 31 U.S.C. § 3730(b)(3) ("The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal.").

Once the government has completed its investigation and notified the court that it does not intend to intervene, the court may authorize service on the defendant, 31 U.S.C. § 3730(b)(2); the plaintiff-relator may proceed with prosecuting the action, 31 U.S.C. § 3730(c)(3); and the plaintiff-relator is entitled to an award of up to 30% from the proceeds of any recovery made on behalf of the United States, 31 U.S.C. § 3730(d)(2).

These provisions are designed to provide incentives for private plaintiffs to step into the shoes of the U.S. Attorney General and

prosecute frauds on the public thrift when the government is not adequately resourced or willing and interested in pursuing such actions on its own behalf. *See, e.g.*, *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 608 F.3d 871, 875 (D.C. Cir. 2010).

## A. The False Claims Act prohibits service on defendants "until the court so orders," 31 U.S.C. § 3730(b)(2).

The plain text of the FCA explicitly states that the complaint in a *qui tam* action "shall not" be served on the defendants, unless or until a court so orders. *See* 31 U.S.C. § 3730(b)(2) ("The complaint shall be filed *in camera*… and shall not be served on the defendant until the court so orders.").

Aside from that provision—which applies irrespective of whether the action is being prosecuted by a government entity or a private plaintiff-relator—the statute is silent on when service-of-process can or should be effectuated. It is equally silent about when courts should "so order" that defendants be served—and whether (or when) either the government, or private plaintiff-relators, should request the entry of such an order.

- 17 -

As a practical matter, *qui tam* actions are typically unsealed by order of the court after the government has filed its notice of election to intervene in the action or decline intervention. Any corresponding directives regarding service-of-process are usually included in the text of that order, unless the court already authorized service of the complaint on defendants while the action was pending under seal.

Once the court has "so ordered," service-of-process may be effectuated in accordance with the time, place, and manner requirements of Fed. R. Civ. P. 4, and a response should be filed within 20 days from the date after which the complaint has been unsealed and/or served on the defendants, 31 U.S.C. § 3730(b)(3), whichever comes later. *See U.S. ex rel. Woods v. SouthernCare, Inc.*, 2013 WL 1339375, at *2, n. 5 (S.D. Miss. Mar. 30, 2013).

**B.     The Federal Rules of Civil Procedure require service "within 90 days after the complaint is filed," Fed. R. Civ. P. 4(m).**

By comparison, the Federal Rules of Civil Procedure contemplate the issuance of summonses by the clerk of court at the outset of an action, Fed. R. Civ. P. 4(b), and provide that plaintiffs must serve those

summonses along with a copy of the complaint, Fed. R. Civ. P. 4(c), "within 90 days after the complaint is filed," Fed. R. Civ. P. 4(m).

If service-of-process is not effectuated within that "time limit," the Rules further provide that courts "must dismiss the action without prejudice … or order that service be made within a specified time," with the caveat that courts must grant an extension if plaintiff shows "good cause" for failing to serve the complaint within that time frame. Fed. R. Civ. P. 4(m).

> **C.** **This conflict is easily resolved; the 90-day time limit can only be applied *after* the court has ordered service.**

Against that backdrop, this Court must now decide whether the 90-day time limit for effectuating service under Fed. R. Civ. P. 4(m) has *any* application in actions brought pursuant to the *qui tam* provisions of the FCA—and how it should be applied in that context, if so.

The most logical way to proceed in that analysis is to read Fed. R. Civ. P. 4(m) as imposing a time limitation by which service must be effectuated, only *after* a court has ordered service pursuant to 31 U.S.C. § 3730(b)(2). *See* CLAIRE M.SYLVIA, FALSE CLAIMS ACT: FRAUD AGAINST THE GOVERNMENT § 11:26 (2022) ("Although the statute does not spell

this out, the natural reading of these provisions is that the days are counted from when the court unseals the complaint *and orders service*.") (emphasis added); *see also, e.g.*, *U.S. ex rel. Mallavarapu v. Acadiana Cardiology*, *LLC*, 2010 WL 3896425, at *16 (W.D. La. Aug. 16, 2010) (denying motion to dismiss for lack-of-service where court had not ordered service); *U.S. ex rel. Mailly v. Healthsouth Holdings, Inc.*, 2010 WL 149830, at *1 (D.N.J. Jan. 15, 2010) (dismissing case for lack-of-service within the proscribed time period after district court order authorizing service); *see also U.S. ex rel. Law v. Spurlock,* 582 F. Supp. 2d 1350, 1356 (N.D. Ala. 2008) (noting that strict adherence to Rule 4(m) "[cannot] logically be followed" in *qui tam* cases since literal interpretation of that provision would mean serving the complaint while the case is under seal in most instances).

The statute is conjunctive, barring service until after the case is unsealed *and* service is ordered. *See* 31 U.S.C. § 3730(b)(2) ("The complaint … shall remain under seal for at least 60 days, *and* shall not be served on the defendant until the court so orders.") (emphasis added); *U.S. ex rel. Moore v. Cardinal Fin. Co., L.P.*, 2017 WL 1165952, at *6 (D. Md. Mar. 28, 2017) ("Because FCA cases initially are filed under seal,

however, the 90-day clock does not start until the court unseals the complaint *and* orders service.") (emphasis added); *U.S. ex rel. Woods*, 2013 WL 1339375, at *2, n. 5.

## II. THE DISTRICT COURT'S DISMISSAL OF THIS ACTION FOR LACK-OF-SERVICE WAS PLAINLY ERRONEOUS SINCE RELATOR WAS NEVER ORDERED OR AUTHORIZED TO SERVE DEFENDANTS

Here, the district court did not "so order" service on defendants at any point prior to dismissing the complaint for lack-of-service. Until service was so-ordered, by operation of statute, Plaintiff-Relator could *not* serve the complaint. Therefore, the lower court erred by dismissing the case for want of service in contravention of the plain text of the statute.

Indeed, the only docket entry that arguably even resembles an authorization to serve defendants within the meaning of 31 U.S.C. § 3730(b)(2) is the order dated October 2, 2014, whereby the district court authorized the New York City Law Department to disclose the complaint to Siemens (Dkt. 54) [App'x 52-53].

It is undisputed that Siemens did, in fact, receive a copy of the complaint pursuant to that order and had notice of Relator's claims in this action at all times thereafter for several years before the seal was

lifted on August 26, 2019. And it is equally undisputed that no other orders addressing service were ever entered by the district court, either in the unsealing order or at any time thereafter.

The critical point here is that the subsequent dismissal of the action for lack-of-service was plain legal error, seeing that Relator had not been authorized, much less *ordered*, to serve the complaint. Even assuming *arguendo* that the time limitations for effectuating serving under the Federal Rules of Civil Procedure apply to *qui tam* actions, the court would have to order service pursuant to 31 U.S.C. § 3730(b)(2) before the period for doing so could be found to have lapsed.

## III. RELATOR HAD AMPLE "GOOD CAUSE" TO WARRANT A DISCRETIONARY EXTENSION OF ANY APPLICABLE DEADLINE FOR EFFECTUATING SERVICE

The district court's conclusion that Relator lacked "good cause" for this so-called failure of service was equally flawed.

As an initial matter, Relator had good cause for not effectuating serving because the court did not "so order" 31 U.S.C. § 3730(b)(2). Certainly, in the context of an FCA action, a party's good faith adherence to the plain text of a statute provides ample "good cause."

In addition, Relator had good cause for believing that Siemens had effectively waived service by reason of its receipt and continuous access to the complaint and notice of the action since 2014, without ever having raised any concerns or objections about not having been formally served. *See, e.g.*, *Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58, 63 (2d Cir. 1999); *Datskow v. Teledyne, Inc., Contl. Products Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990); *accord U.S. ex rel. Brumfield v. Narco Freedom, Inc.*, 2018 WL 5817379, at *2 (S.D.N.Y. Nov. 6, 2018).

If this were a case where the defendants had not been fully apprised of the existence of the action before the seal was lifted—then perhaps the analysis would be different. But there was absolutely no ambiguity about whether Siemens had notice of Relator's claims when the seal was lifted here. And the district court never provided any other indication that Relator was expected to serve that same complaint on defendants before proceeding with the prosecution of the federal claims.

While it is no doubt true that Relator *could* have "sought clarification," 2022 WL 4467051, at *1, Relator had no reason to believe that clarification was needed on issues relating to service in light of the circumstances.

The district court's refusal to a grant a discretionary extension for "good cause" in these circumstances is only made worse by the aggravating factor that the dismissal was, in effect, with prejudice. *See U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004); *Thrasher v. City of Amarillo,* 709 F.3d 509, 512 (5th Cir. 2013).

\* \* \*

In sum, the dismissal of this action for a purported violation of the time limitation for effectuating service under Fed. R. Civ. P. 4(m) was plain legal error, where the Relator fully complied with the plain text of 31 U.S.C. § 3730(b)(2), which provides that service "shall not" be made until a court "so orders," and the district court had not so-ordered.

When viewed alongside the misapprehension of key facts in the district court's decision, the district court's subsequent failure to correct its own errors in passing upon Relator's motion for relief from the judgment, Fed. R. Civ. P. 60(b)(1), and its stubborn insistence that Relator lacked good cause for any extension of the ostensible deadline for effectuating service in this action, it is also clear that the judgment of dismissal was a particularly egregious abuse of discretion.

## <u>CONCLUSION</u>

For these reasons, this Court should vacate the judgment of dismissal and remand the case for further proceedings in the district court.

Dated: January 25, 2023
New York, NY

Respectfully submitted,

**POLLOCK COHEN LLP**

By:    */s/ Agatha M. Cole*

Agatha M. Cole
Adam Pollock
111 Broadway, 18th Floor
New York, NY 10006
Tel: (646) 290-8261
agatha@pollockcohen.com
adam@pollockcohen.com

*Counsel for the Appellant,*
*Clifford Weiner*