22-2656
*United States ex rel. Weiner et al. v. Siemens AG et al.*

# In the
# United States Court of Appeals
# For the Second Circuit

———————————

**August Term, 2022**

(Argued:  June 7, 2023    Decided: November 28, 2023)

Docket No. 22-2656

———————————

UNITED STATES OF AMERICA EX REL. CLIFFORD WEINER, STATE OF NEW YORK EX REL. CLIFFORD WEINER,

*Plaintiffs-Appellants,*

v.

SIEMENS AG, SIEMENS INDUSTRY, SIEMENS SCHLESINGER ELECTRIC, LLC,

*Defendants-Appellees.**

———————————

Before: CARNEY and ROBINSON, *Circuit Judges.*†

———————————

* The Clerk of Court is directed to amend the official case caption as set forth above.
† Circuit Judge Rosemary S. Pooler, originally a member of the panel, died on August 10, 2023. The two remaining members of the panel, who are in agreement, have decided this case. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b).

CERTIFIED COPY ISSUED ON 11/28/2023

The False Claims Act ("FCA"), 31 U.S.C. §§ 3729–32, provides that when a private person brings an action under the FCA on behalf of the federal government, the "complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." *Id.* § 3730(b)(2). Alleging violations of the FCA, Relator Clifford Weiner brought a complaint in the United States District Court for the Southern District of New York, which the district court (Carter, *J.*) dismissed for untimely service of process. Relator argues that because the district court never expressly ordered him to serve Defendants in accordance with Section 3730, the clock for service of process never began to run, and dismissal for untimely service was improper. Agreeing with Relator, we VACATE the district court's judgment and REMAND the case for further proceedings consistent with this opinion.

———————————

MAX RODRIGUEZ (Adam Pollock, Agatha M. Cole, *on the brief*), Pollock Cohen LLP, New York, N.Y., *for Relator*

WENDY H. SCHWARTZ (Travis A. Gonyou, *on the brief*), Binder & Schwartz LLP, New York, N.Y., *for Defendants-Appellees*‡

———————————

*Per curiam*:

The False Claims Act ("FCA"), 31 U.S.C. §§ 3729–32, creates civil liability for those who knowingly submit "a false or fraudulent claim for payment or approval" to the federal government. 31 U.S.C. § 3729(a)(1)(A). The FCA contains

---

‡ Siemens AG, a foreign corporation, is also a named defendant in this case, but counsel for Defendants-Appellees listed above assert that they do not represent Siemens AG, and no other counsel has appeared on behalf of that entity.

a *qui tam* provision, allowing private persons (known as relators) to file complaints on the government's behalf.  *Id.* § 3730(b)(1); *see generally State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*, 580 U.S. 26, 29 (2016).  Section 3730 of the FCA instructs that such a complaint "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."  31 U.S.C. § 3730(b)(2).  It also provides that a defendant is not "required to respond" to a *qui tam* complaint "until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure."  *Id.* § 3730(b)(3).

This appeal presents a narrow question: Under Section 3730, when does the service-of-process clock begin to tick?  Relator Clifford Weiner argues that the service-of-process period does not begin until the district court explicitly orders service.  Defendants-Appellees Siemens Industry, Inc., and Siemens Electrical, LLC (collectively, "Defendants") contend that the service period begins automatically when the district court unseals a complaint.

The answer is clear.  Because the statute prohibits a relator from serving a *qui tam* complaint "until the court so orders," the service-of-process clock does not begin until a district court expressly authorizes service.  *Id.* § 3730(b)(2).  Here,

having never issued such an order, the district court (Carter, *J.*) exceeded the permissible bounds of its discretion by dismissing the case for insufficient service of process. We thus VACATE the district court's judgment and REMAND the case for further proceedings consistent with this opinion.

## BACKGROUND

### I. Procedural History

Relator instituted this action on behalf of the United States and the State of New York on February 23, 2012. He complained that Defendants made misrepresentations to the New York City Department of Environmental Protection with the intention of having their claims "paid or approved" by the United States in violation of the FCA and New York's False Claims Act. In accordance with the FCA, the complaint was filed *in camera* and placed under seal for a preliminary period of sixty days. *See id.*

Initially, this litigation proceeded in the normal course. The United States and the State of New York obtained several extensions of the sealing period to determine whether either would take the lead role in the case by intervening. Approximately nine months after the complaint was filed, the United States declined to intervene. New York continued to request extensions for almost two

4

years, but the case did not stagnate during this time. For example, while the action was sealed, the district court authorized limited disclosures to the New York City Law Department, the Corporation Counsel of the City of New York, Defendants, and an attorney named Peter H. Woodin, whom the City of New York and Defendants had selected as a mediator in hopes of reaching a settlement.

On December 11, 2015, after considering a letter motion from the City of New York, the district court declined to exercise supplemental jurisdiction over the state law claims.[1] In its order dismissing the state law claims, the district court instructed that "[t]he seal shall remain in place pending a status conference, to be requested by Relator, regarding Relator's intent to continue to pursue the United States' claims against Defendants." Relator responded to the district court's instruction with silence.

The case then languished. After almost three years of inaction, the United States wrote to the district court on June 22, 2018, requesting that the suit be unsealed. Four days later, the district court signed an order unsealing Relator's complaint, the court's orders, and the United States' letter in which it declined to

---

[1] Relator brought claims in state court as well as in federal court. *See City of New York v. Siemens Elec., LLC*, 107 N.Y.S.3d 827 (Sup. Ct. 2019).

intervene. Over a year passed, however, before the district court docketed the unsealing order in August 2019. In September 2020, after another year slipped by without any action, the district court directed the parties to file a status report. Later that same month, Relator advised the court in writing that he was ready to effectuate service "immediately after such an order" by the district court. App'x at 82–83.

## II. Decision Below

Defendants then moved to dismiss Relator's complaint for insufficient service of process and failure to prosecute, citing the age of the proceedings. *United States ex rel. Weiner v. Siemens AG*, No. 12-cv-1466, 2021 WL 3544718, at *1 (S.D.N.Y. Aug. 10, 2021), *reconsideration denied*, 2022 WL 4467051 (S.D.N.Y. Sept. 26, 2022). On August 10, 2021, the district court granted in part and denied in part Defendants' motion. The district court rejected Defendants' contention that it is "well-settled that the service period begins immediately at the unsealing of the complaint," *id.* at *3, explaining its view that "it is not clear from existing law and court practice whether an express order to serve defendants is required for the service period to begin," *id.* at *5. Nevertheless, it held, because Relator had not served Defendants in the preceding nine years, there was "no way for this Court

6

to determine that service was not untimely." *Id.* The district court then declined

Relator's request for either an extension for "good cause" shown under Rule 4(m)

or a discretionary extension of the service period, and dismissed the action for

insufficient service of process.

Defendants' motion to dismiss under Rule 41 for failure to prosecute proved

a different story. The district court reasoned that Relator did not have sufficient

notice that the case might be subject to dismissal on this ground, suggesting that

Relator may not have "intentionally or willfully failed to pursue this case." *Id.* at

*7. And although the case had been pending for years, the district court found that

the action had not wasted judicial resources because the court had "only reviewed

a handful of submissions and held a telephone conference." *Id.* On balance, the

district court determined, dismissal with prejudice for failure to prosecute under

Rule 41 was "too extreme." *Id.*

After his request for reconsideration of that order was denied, Relator

timely appealed.

## DISCUSSION

We review a district court's dismissal for insufficient service of process and

failure to prosecute for an abuse of discretion. *See Gerena v. Korb*, 617 F.3d 197, 201

7

(2d Cir. 2010); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks omitted). A question of statutory interpretation is a legal question that we review *de novo*. *See In re: Vitamin C Antitrust Litig.*, 8 F.4th 136, 142 (2d Cir. 2021).

## I.    Service of Process

The parties' debate centers on whether the Rule 4(m) service of process clock begins to run when the district court unseals a *qui tam* action under the FCA even if the district court does not issue an order authorizing service. Relator argues that under Section 3730, he was not permitted to serve Defendants in the absence of a court order. Because the district court never issued such an order, Relator reasons, the service clock has not yet started. Defendants, meanwhile, read Section 3730 to suggest that the service period commences automatically whenever a complaint is unsealed. Because the complaint was unsealed in 2019, they maintain, the service period has long since lapsed.

8

Our analysis starts with the text of Section 3730. As noted above, that section provides that a *qui tam* complaint alleging violations of the FCA "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). The FCA further provides that the defendant is not required to "respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." *Id.* § 3730(b)(3). Rule 4, in turn, instructs that the court must dismiss an action or order that service be made within a specified time when a plaintiff has not served a defendant "within 90 days after the complaint is filed," unless the plaintiff shows "good cause" for the failure. Fed. R. Civ. P. 4(m).

Where statutory text is "unambiguous, our inquiry begins with the statutory text, and ends there as well." *Nat. Ass'n of Mfrs. v. Dep't of Defense*, 583 U.S. 109, 127 (2018) (internal quotation marks omitted). Section 3730(b)(2) forbids a relator from serving a *qui tam* complaint on the defendant "until the court so orders." 31 U.S.C. § 3730(b)(2). With this language, Congress provided unambiguously that a relator may not lawfully serve process without a court order authorizing service.

9

*See id.* Thus, it is only when a district court expressly "orders" a relator to serve a defendant that the Rule 4 period begins.[2]

Defendants point to the next subsection, Section 3730(b)(3), which states that "[t]he defendant shall not be required to respond to any complaint filed under this section until 20 days after the *complaint is unsealed and served* upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." *Id.* § 3730(b)(3) (emphasis added). In Defendants' telling, Section 3730(b)(3)'s reference to a complaint being "unsealed and served" suggests that the time for service of process begins automatically when a district court unseals a complaint. But we cannot read Section 3730(b)(3) to provide implicitly that the service period begins automatically at unsealing given that Section 3730(b)(2) explicitly commands that service is authorized only upon a court order. Indeed, such a reading would render the plain language of Section 3730(b)(2) superfluous. *Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020) (observing that the Supreme Court "hesitates to adopt an interpretation of a congressional enactment which

---

[2] Because the FCA repeatedly refers to the service period set by the Federal Rules of Civil Procedure, we reject Relator's suggestion that the Rule 4(m) limitation does not apply under Section 3730. *See* 31 U.S.C. § 3730(b)(3); *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 436 (2023) ("[T]he FCA's many cross-references to the [Federal Rules of Civil Procedure] suggest that their application is the norm.").

renders superfluous another portion of that same law." (internal quotation marks omitted)). Our reading of Section 3730(b)(3), in contrast, is in harmony with the plain meaning of Section 3730(b)(2): the Rule 4(m) period begins only after a court expressly orders service, and a defendant is not required to respond to a complaint until 20 days after the complaint is served in accordance with these rules. *See* 32 U.S.C. § 3730(b)(2)–(3).

Although our inquiry need not go any further, *see Nat. Ass'n of Mfrs.*, 538 U.S. at 127, we observe that this plain language reading accords with the statute's purpose. The predominant purpose of the FCA's *qui tam* provision is to incentivize private persons "privy to a fraud on the government to blow the whistle on the crime." *United States v. Northrop Corp.*, 59 F.3d 953, 963 (9th Cir. 1995); *see* Senate Judiciary Committee, False Claims Amendments Act of 1986 ("1986 Senate Report"), S. Rep. No. 345, 99th Cong., 2d Sess. 2–3 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5267 ("The Committee's overall intent in amending [Section 3730] is to encourage more private enforcement suits."). A construction that does not require explicit authorization to serve could lead relators to misunderstand when their authority to serve begins and, therefore, when it ends, potentially leaving a litigant without recourse if a court dismisses the complaint for want of

11

service and never reaches the merits. Thus, in addition to being at odds with the statutory language, Defendants' reading would operate in derogation of the statutory purpose.

Defendants resist, pointing to a small portion of the FCA's legislative history. In a 1986 Senate Report, the Committee on the Judiciary explained that the rights of a defendant would not be adversely affected by a sealed and unserved complaint, reasoning that "[o]nce the court has unsealed the complaint, the defendant will be served as required under Rule 4 of Federal Rules of Civil Procedure." 1986 Senate Report, 1986 U.S.C.C.A.N. 5266, 5289. To be sure, the drafters of the FCA may have expected unsealing and service orders to be issued concurrently. *See id.* Indeed, the practice of many district courts appears to be to concurrently order unsealing and service. *See Siemens AG,* 2021 WL 3544718, at *4 n.3 (collecting cases). But whatever the expectations of the drafters, a "statute's legislative history cannot overcome the plain meaning of the text." *J.S. v. New York State Dep't of Corr. & Cmty. Supervision*, 76 F.4th 32, 38 (2d Cir. 2023).

Defendants also retreat to the absurdity doctrine. They assert that our reading of the FCA produces absurd results because "if a court unseals a *qui tam* action without expressly ordering service, the litigation enters what amounts to a

12

state of suspended animation—extending for months, or years, or decades—during which time the plaintiff is relieved of any duty to prosecute." Appellees' Br. at 25. Even under our interpretation of Section 3730, however, relators are not relieved of their duty to prosecute an action. In fact, relators who sit on a case for months after service is authorized without moving to prosecute it could very well face involuntary dismissal under Rule 41. *See United States ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011) (summary order). Defendants' appeal to absurdity has no traction.

Congress unambiguously instructed that relators may not serve process without a court order authorizing service. *See* 31 U.S.C. § 3730(b)(2). Given the plain text of Section 3730, and given that the district court here did not issue an order authorizing service, the district court committed legal error by dismissing Relator's complaint for insufficient service of process.[3]

---

[3] Defendants cite three unpublished district court opinions in support of their reading: *United States ex rel. Pervez v. Maimonides*, No. 6 Civ. 4989, 2010 WL 890236 (S.D.N.Y. Mar. 9, 2010), *aff'd on other grounds*, 415 F. App'x 316 (2d Cir. 2011) (summary order)); *United States ex rel. Howard v. Life Care Ctrs. of Am., Inc.*, No. 1:03-cv-41, 2005 WL 2674939 (E.D. Tenn. Oct. 20, 2005); and *U.S. ex rel. Mallavarapu v. Acadiana Cardiology, LLC*, No. 04-732, 2010 WL 3896425 (W.D. La. Aug. 16, 2010), *adopted as modified*, 2010 WL 3896422 (W.D. La. Sept. 30, 2010). In these cases, they say, the district courts found the Rule 4(m) service period to begin with an unsealing order that made no mention of authorizing service. In *Howard*, however, the court expressly directed service when it unsealed the complaint. *See Howard*, 2005 WL 2674939, at *2 ("Plaintiff was over four months late in serving the complaint and summons after the Court unsealed the complaint

## II.    Failure to Prosecute

We next turn to this appeal's second (and subsidiary) question: whether we can affirm the dismissal on alternative grounds.   Although the district court declined to dismiss the complaint under Federal Rule of Civil Procedure 41(b) for Relator's failure to prosecute, Defendants assert that we may nonetheless affirm on this basis.   They cite Relator's inactivity over the course of several years, asserting his delay has caused Defendants such prejudice that dismissal is the only appropriate remedy.   In response, Relator rests on the district court's analysis rejecting Defendants' arguments in the first instance.

Under Rule 41(b), a district court, in its discretion, may dismiss an action for a plaintiff's want of prosecution.   *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).   Such a dismissal is a "harsh remedy," however, and is reserved for "extreme situations."   *Id.*   In conducting the Rule 41(b) inquiry, district courts consider whether:

---

and ordered Plaintiff to serve Life Care."). And in *Mallavarapu*, the action was stayed—and service was explicitly prohibited—by order of the court in light of parallel criminal proceedings. *See Mallavarapu*, 2010 WL 3896425, at *16 ("The record is clear that the case against the Patel defendants was stayed by order of the court presiding over both the instant case and the criminal proceeding since May of 2006."). The district court decision in *Pervez* does support Defendants' position, but there—as with the other two decisions that Defendants cite and which align with our view—the court did not meaningfully engage with the statutory interpretation question that we now confront. In any event, these cases do not bind this Court.

14

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Drake*, 375 F.3d at 254. In reviewing a district court's decision to dismiss under Rule 41(b), we evaluate the record in its entirety because "[n]o one factor is dispositive." *Id.*

As Defendants' arguments indicate, Relator's extreme delay in pursuing this action could have justified the district court's dismissal of the complaint under Rule 41(b). But Defendants have not identified an error of law or an erroneous factual finding embedded in the district court's decision denying Rule 41(b) dismissal. *See Lynch*, 589 F.3d at 99 (outlining the abuse of discretion standard). Nor have they shown that the district court's conclusion fell outside of the range of permissible decisions. *See id.* Specifically, as the district court noted, Relator was not given express notice that his delays could result in dismissal, and the court had not devoted substantial resources to the action. *See Siemens*, 2021 WL 3544718, at *7; *Drake*, 375 F.3d at 254. Under these circumstances, we cannot say that dismissal was the only permissible outcome. We decline to affirm on this basis.

15

## CONCLUSION

For the foregoing reasons, we **VACATE** the district court's judgment and

**REMAND** the case for further proceedings consistent with this opinion.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

16